UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

MIRANDA RAMSEY, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

v.

HGW AT SLW, LLC
d/b/a HURRICANE GRILL & WINGS.,
a Florida Limited Liability Company,

    Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, MIRANDA RAMSEY ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files her Complaint against Defendants, HGW AT SLW, LLC d/b/a HURRICANE GRILL & WINGS ("HGW"), (referred to hereinafter as "Defendant"), on behalf of herself, and all others similarly situated, and alleges:

### INTRODUCTION

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, and the Florida Minimum Wage Act ("FWMA") to seek redress of Defendant's violations of the FLSA and FMWA against this Plaintiff, and all other employees similarly situated, during the course of their employment.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of St. Lucie County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. Defendant, HGW, is a Florida limited liability company, founded in, and authorized to do business in the State of Florida, with a principal place of business at 1319 NW St. Lucie W Blvd., Port St. Lucie, Florida 34986, within the jurisdiction of this Honorable Court.

4. Defendant, HGW, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein. Defendant supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

5. During all times pertinent hereto, Plaintiff was dependent upon Defendant for her employment, as these Defendant supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of their business objectives.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within St. Lucie County, Florida, within the jurisdiction of this Honorable Court.

7. Jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, HGW, operates a sports bar and restaurant that specializes in serving chicken wings and other bar and pub-fare.

### FLSA Coverage

10. Defendant is covered under the FLSA through enterprise coverage, as Defendantsengaged in interstate commerce during all pertinent times in which Plaintiff was employed. More

specifically, Defendant's business and Plaintiff's work for Defendant's benefit affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B).*

11. During Plaintiff's employment with Defendant, HGW was covered under the FLSA through enterprise coverage, as HGW was engaged in interstate commerce during all time periods in which Plaintiff, and all similarly situated individuals, were employed. More specifically, during all times material hereto, HGW employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to the following: menus, napkins, salad/lettuce, sirloin steaks, shrimp, mahi mahi, chicken wings products, over thirty-five types of dipping sauces, french fries, blue cheese, red onions, tomatoes, mayonnaise, cooking utensils, forks, spoons, knives, plastic, beer, wine, rum, tequila, soda, paper, computers, cash registers, and other restaurant related items.

12. Upon information and belief, Defendant, HGW, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and on information and belief, is expected to gross in excess of $500,000.00 in 2019.

13. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendant that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed

functions with clients across state lines utilizing telephones, computers, machinery, materials, and supplies.

14. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

15. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

### **Plaintiff's Work for Defendants**

16. On or about August 2017, Plaintiff began working for Defendant as a non-exempt employee as a waitress/restaurant server for the Defendant.

17. Plaintiff continued her employment with Defendant until on or about July 20, 2019.

18. Plaintiff, and all others similarly situated, were economically dependent upon Defendant, for work and were subject to the control of these Defendant during all pertinent time periods of her employment.

19. During Plaintiff's last two weeks of employment July 8, 2019 through July 20, 2019 Defendant failed to compensate Plaintiff in any conceivable way.

20. Defendant failed to compensate Plaintiff at the required federal minimum wage rate during her last two weeks of employment July 8, 2019 through July 20, 2019.

21. Defendant failed to compensate Plaintiff at the required Florida minimum wage rate during her last two weeks of employment July 8, 2019 through July 20, 2019.

22. Plaintiff worked approximately eighty (80) hours totally between July 8, 2019, and July 20, 2019.

23. The wage violations committed by Defendant were willful and/or intentional, as Defendant knew of the federal minimum wage and overtime requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

24. The Defendant also knew of the state minimum wage requirements under the Florida Minimum Wage Act ("FMWA") and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

25. On information and belief, Defendant failed to properly maintain records of hours actually worked by Plaintiff, and other similarly situated employees.

26. Defendant hired Plaintiff to work, controlled the hours she worked and responsibilities and duties performed by Plaintiff, and are jointly and severally liable for the FLSA violations alleged herein.

27. Plaintiff is not otherwise exempt from FLSA coverage.

28. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206*

29. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

30. Plaintiff alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b).*

31. Plaintiff is entitled to recover the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week.

32. Accordingly, Plaintiff claims the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week during his period of employment with Defendant.

33. Plaintiff worked two weeks for Defendant in which she did not receive at least federal minimum wage rates.

34. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, MIRANDA RAMSEY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, and award Plaintiff: (a) double unpaid minimum wages as provided by the FLSA to be paid by the Defendant; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

### COUNT II – FLORIDA MINIMUM WAGE VIOLATIONS – *Fla. Stat. 448.110*[1]

35. Plaintiffs hereby re-alleges and re-avers Paragraphs 1 through 28 as though set forth fully herein.

36. Plaintiff, alleges this action pursuant to the Florida Minimum Wage Act ("FMWA"), *Fla. Stat § 448.110.*[2]

37. Plaintiff worked two weeks for Defendant in which she did not receive any payment.

---

[1] Plaintiff fully complied with the pre-suit notice requirements set forth under *Fla. Stat. § 448.110* by duly serving the corporate and, as of yet, unnamed individual Defendants, with pre-suit notice before seeking relief under Florida law.

[2] The Florida minimum wage is interpreted in accordance with the FLSA. *See Fla. Stat. § 448.110*; FLA. CONST. art. X, §24.

38. Defendant failed to pay Plaintiff, at least the equivalent of Florida's minimum wage rates for all hours worked up to forty (40) during the last two weeks of her employment July 8, 2019 through July 20, 2019.

39. Defendant wrongfully deprived Plaintiff, of wages to which she was lawfully entitled pursuant to *Fla. Stat § 448.110.*

40. Defendant willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Florida Constitution. Defendant knew or should have known of the state minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

41. Accordingly, Plaintiff is entitled to recover liquidated (double) damages for the willful and/or intentional violations of the FMWA.

42. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MIRANDA RAMSEY, and all others similarly situated, respectfully requests that this Honorable Court certify the portion of this action arising under the Florida Minimum Wage Act, and enter judgment in favor of Plaintiff against Defendant and award Plaintiff: (a) double unpaid state minimum wages as provided by the Florida Minimum Wage Act, *Fla. Stat. 448.110*, to be paid by the Defendant; (b) all reasonable attorney's fees and litigation costs as permitted under the Florida Minimum Wage Act; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MIRANDA RAMSEY, hereby requests and demands a trial by jury on all appropriate claims.

Dated this 25th day of October, 2019.

> Respectfully Submitted,
>
> **USA EMPLOYMENT LAWYERS-**
> **JORDAN RICHARDS, PLLC**
> 805 E. Broward Blvd. Suite 301
> Fort Lauderdale, Florida 33301
> Ph: (954) 871-0050
> *Counsel for Plaintiff*
>
> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372
> MELISSA SCOTT, ESQUIRE
> Florida Bar No. 1010123
> *Jordan@jordanrichardspllc.com*
> *Melissa@jordanrichardspllc.com*
> *Jake@jordanrichardspllc.com*
> *Stephanie@jordanrichardspllc.com*
> *Mike@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 25th day of October, 2019.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## SERVICE LIST: