UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-14404-CIV-MARRA

MIRANDA RAMSEY, and
all others similarly situated under
*29 U.S.C. 216(b)*,

    Plaintiff(s),

    v.

HGW AT SLW, LLC
d/b/a HURRICANE GRILL & WINGS.,
a Florida Limited Liability Company,

    Defendant.

_____/

**JOINT MOTION FOR COURT APPROVAL
OF SETTLEMENT AGREEMENT AND FOR
ORDER OF DISMISSAL WITH PREJUDICE**

COMES NOW, Plaintiff, MIRANDA RAMSEY ("Plaintiff"), and Defendant, HGW AT SLW, LLC d/b/a HURRICANE GRILL & WINGS ("HGW") (collectively referred to as "the Parties") by and through undersigned counsel, and file this Joint Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice, as follows:

    **I.**    **FACTUAL BACKGROUND**

Plaintiff filed her Complaint against Defendant on October 25, 2019. *D.E. 1*. Plaintiff's complaint alleges two (2) counts for minimum wage violations, one pursuant to 29 U.S.C.§ 206, and the other pursuant to Florida's Minimum Wage Act (hereafter "FMWA"), *Fla. Stat. 448.110,* asserting that Defendant had failed to pay her her final two weeks of pay after she resigned. Defendant's position is that it had paid Plaintiff timely, but that pay was mailed to her but apparently not received. Upon receipt of Plaintiff's Complaint, Defendant voided the prior

payment that it alleges was sent to Plaintiff (and which had not been cashed), and again mailed full payment of Plaintiff's final paycheck to her. After Plaintiff confirmed receipt of the payment, the parties separately negotiated the issue of attorneys' fees and costs incurred.

The settlement thus provides Plaintiff with full compensation for her FLSA and FMWA claims.[1] Accordingly, the Parties respectfully request that this Honorable Court grant their Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice. A copy of the settlement agreement is attached as Exhibit A.

## II.     MEMORANDUM OF LAW

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for").  There are only two ways in which back wages claims arising under the FLSA can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

The district court may enter a stipulated judgment in an FLSA case "after scrutinizing the settlement for fairness." *See, e.g.,* Powell v. Carey Int'l, Inc., 483 F.Supp.2d 1168, 1177 n. 9 (S.D. Fla. 2007) *quoting* Lynn's Food Stores, Inc., 679 F.2d at 1353-55 (Court should determine whether

---

[1] Plaintiff is receiving her final paycheck in its entirety.

2

the settlement is a "fair and reasonable resolution of a bona fide dispute"); Ramos v. Medical Specialty Services LLC, Case No. 18-cv-80547, [D.E. 25] (Judge Marra approving FLSA Settlement Agreement upon finding that it was a fair and reasonable resolution of a bona fide dispute over FLSA provisions); Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiff recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiff agreed to accept in the settlement); Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. See Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the terms set forth within the settlement agreement entered into between the parties was a "fair and reasonable resolution" of Plaintiff's FLSA and FMWA claims.

Defendant haspaid Plaintiff a total sum of three hundred twenty-four dollars and 33/100 Cents ($324.33), which constitutes 100% of Plaintiff's calculation of her unpaid minimum wages. The undersigned counsel, who are experienced in wage and hour matters, view the reached-upon settlement as a fair outcome for the Parties. Counsel for Defendant and Plaintiff separately

3

negotiated attorneys' fees and costs without compromising Plaintiff's claim.[2] Indeed, counsel for Plaintiff agreed to accept significantly less than the fee amount reflected in Plaintiff's counsel's lodestar in order to obtain a swift recovery for Plaintiff. Therefore, the settlement terms represent a fair and reasonable resolution of this matter in light of the contested issues in this case.

### III.    CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Parties respectfully submit that the terms set forth with the Settlement Agreement constitute a fair and reasonable resolution of their FLSA dispute, and request that this Honorable Court approve the Settlement Agreement attached hereto, enter a dismissal with prejudice, and retain jurisdiction over enforcement of the Settlement Agreement for up to thirty (30) days.

**Dated this 13th day of December, 2019.**

Respectfully Submitted,

| | |
|---|---|
| **ROBYN S. HANKINS, PL** | **USA EMPLOYMENT LAWYERS** |
| *Counsel for Defendant* | **JORDAN RICHARDS, PLLC** |
| 4600 Military Trail, Ste. 717 | *Counsel for Plaintiff* |
| Jupiter, Florida, 33458 | 805 E. Broward Blvd. Suite 301 |
| Tel: (561) 721-3890 | Fort Lauderdale, Florida 33301 |
| | Tel: (954) 871-0050 |
| | |
| By:/s/ *Robyn S. Hankins, Esq.* | By:/s/ *Jake Blumstein,, Esq.* |
| **Robyn S. Hankins, ESQUIRE** | **JAKE BLUMSTEIN, ESQUIRE** |
| Fla. Bar No. 0008699 | Fla. Bar No. 1017746 |
| Robyn@hankins-law.com | **MELISSA SCOTT, ESQUIRE** |
| | Fla. Bar No. 1010123 |
| | **JORDAN RICHARDS, ESQUIRE** |
| | Fla. Bar No. 108372 |
| | jordan@jordanrichardspllc.com |

---

[2] According to Plaintiff's counsel's internal calculations, which counsel for Defendant has not examined, counsel for Plaintiff incurred nearly four thousand ($4,000.00) dollars prosecuting Plaintiff's claims. In order to expedite Plaintiff's settlement, counsel for Plaintiff separately negotiated to accept three thousand ($3,000.00) dollars in attorneys' fees and costs.

>*melissa@jordanrichardspllc.com*
>*stephanie@jordanrichardspllc.com*
>*jake@jordanrichardspllc.com*
>*mike@usaemploymentlawyers.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing motion was filed via CM/ECF on this 13th day of December, 2019.

>By: /s/ *Jake Blumstein, Esq.*
>JAKE BLUMSTEIN, ESQUIRE
>Fla. Bar No. 1017746

## SERVICE LIST:

**ROBYN S. HANKINS, PL**
Robyn S. Hankins, ESQUIRE
Fla. Bar No. 0008699
*Counsel for Defendant*
4600 Military Trail, Ste. 717
Jupiter, Florida, 33458
Tel: (561) 721-3890
Robyn@hankins-law.com