# SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

This Separation Agreement, Settlement Agreement and General Release (this "Agreement") is made and entered into by and between Miranda Ramsey (hereinafter referred to as "Ramsey"), on the one hand, and HGW at SLW, LLC (hereinafter referred to as "HGW"), on the other hand. Ramsey and HGW shall collectively be referred to as the "Parties."

  A. Ramsey was formerly employed by HGW;

  B. In consideration of the promises that are contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged by Ramsey, and to resolve all issues related to Ramsey's employment with HGW and separation from that employment, as well as to allow Ramsey to transition to alternative employment, it is agreed as follows:

## TERMS AND CONDITIONS

  1. **No admission of Liability.** Nothing in this Agreement shall be construed in any way as an admission by HGW of any liability whatsoever, or as an admission by HGW of any violation of the rights of Ramsey or any person, or a violation of any order, law, statute, duty, or contract against Ramsey or any person.

  2. **Consideration.** HGW has previously tendered the monies owed to Ramsey ($324.33 less taxes and deductions), which has been accepted by Ramsey as all monies owed to her by HGW. In addition, provided the Court approves this Agreement, HGW will pay Jordan Richards PLLC a total of $3,000.00 as compensation for attorneys' fees and costs incurred by Ramsey, half of which will be paid on December 19, 2019, and the other half of which will be paid on January 17, 2019. Jordan Richards PLLC will provide a W9 for tax purposes. Ramsey agrees that she is not entitled to any further monetary consideration whatsoever from HGW and that she will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the matters encompassed in this Agreement or any events or circumstances that existed or occurred prior to her execution of this Agreement. HGW makes no representation as to the reasonableness of the attorneys' fees and costs being charged to Ramsey and specifically disclaims any interest in the allocation of payment to Ramsey or her counsel.

    a. **Liquidated Damages.** HGW acknowledges and agrees that Ramsey and Jordan Richards PLLC will be irreparably harmed if HGW breaches paragraph 2, and that the amount of damages that would result to them from such a violation is difficult or impossible to ascertain. Therefore, HGW agrees that, if HGW breaches paragraph 2 of this Agreement, and fails to cure said breach within three (3) calendar days, HGW shall be obligated to pay liquidated damages in the amount of $1,500.00 to Ramsey and Jordan Richards PLLC, in addition to attorneys' fees and costs accrued in the collection of such funds.

1

3. **Mutual Release of Claims**. Ramsey, on her own behalf and on behalf of her descendants, dependents, heirs, executors, administrators, assigns and successors ("Releasors"), covenants not to sue, and releases, absolves and discharges HGW, and each of its predecessors, successors, assigns, owner, subsidiaries, parent corporations, affiliated and constituent partnerships and corporations, affiliates or related business entities, past and present and each of their trustees, directors, officers, shareholders, principals, agents, attorneys, employees and managers, past and present (collectively "Releasees"), from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, costs, damages, judgments, orders and liabilities that were or could have been raised arising out of her employment with HGW or the separation of that employment, or any other matter, based in law, equity or otherwise, known or unknown, suspected or unsuspected, which Ramsey now owns or holds, has at any time owned or held, or may in the future discover that she owned or held, against Releasees, or any of them, including but not limited to: any claims for salary, bonuses, severance pay, vacation pay, any applicable state civil rights laws or any other federal, state, or local laws, breach of implied or express contract, breach of promise, misrepresentation, negligence, fraud, estoppel, defamation, intentional or negligent infliction of emotional distress, invasion of privacy, negligent retention or supervision, loss of consortium, violation of public policy or wrongful or constructive discharge, and any other employment-related tort, and any other federal, state, or local law relating to employment, including any laws relating to "whistle blowers" or any claim similar to any of the foregoing, and for attorneys' fees, including any claims that could be brought under Title VII of the Civil Rights Act, for any benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (except for vested benefits which are not affected by this agreement), the Americans with Disabilities Act of 1990, Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1983, and any other statutory or common law claim that Ramsey now has, ever had or may hereafter have, whether known or unknown, suspected or unsuspected, up to and including the date of this Agreement. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Ramsey against the Company. Notwithstanding anything to the contrary in this Agreement, this release excludes Ramsey's currently pending worker's compensation claims which she is free to pursue, but expressly includes any claim that Ramsey may or could have for alleged worker's compensation retaliation pursuant to Florida law. Ramsey understands and agrees that, while she has the right to file a charge of discrimination with the Equal Employment Opportunity Commission, she by virtue of this agreement waives any right that she would otherwise have to participate in any resolution of any charge of discrimination. HGW also hereby knowingly and voluntarily releases and forever discharges Ramsey from any and all claims, known and unknown, which HGW has or may have as of the execution of this Agreement, including any claims it could have asserted against Ramsey in this litigation, or arising out of or in any way connected with Ramsey's employment, or cessation of employment, with HGW.

4. **Confidentiality and Voluntariness.** Ramsey represents that she has reviewed all aspects of this Agreement, that she has carefully read and fully understands all the provisions of this Agreement, that she understands that in agreeing to this document she is releasing HGW from any and all claims she may have against HGW, that she voluntarily agrees to all the terms set forth in this Agreement, that she knowingly and willingly intends to be legally bound by the same, that she was given the opportunity to consider the terms of this Agreement and discuss

them with her legal counsel and that the terms of this Agreement were determined through negotiation between counsel for Ramsey, acting as attorney in fact and law on behalf of Ramsey, and the attorneys for HGW. Ramsey agrees that she will keep the terms, amount, and fact of this Agreement completely confidential and, if asked, will disclose only that this matter was resolved. If HGW is contacted by any prospective employer of Ramsey, it shall only provide her dates of employment and positions held, but will not make any disparaging remarks about Ramsey or otherwise discuss that Ramsey brought claims against HGW.

5. **No representation.** The Parties hereto represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the Parties or by any of the Parties' agents, attorneys, or representatives with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement. Ramsey specifically represents that she was represented by counsel of her choice, who explained to her the terms of this Agreement and that she voluntarily entered into this Agreement of her own free will.

6. **Binding Effect.** This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Ramsey expressly warrants that she has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

7. **Severable Provisions.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

8. **Enforceable Agreement.** Should this Agreement be declared or determined by any court of competent jurisdiction to be wholly invalid or unenforceable, Ramsey agrees to immediately execute an enforceable general release.

9. **Integration.** This Agreement represents the agreements or understandings, written or oral, between the parties hereto pertaining to the subject matter hereof.

10. **Applicable Law.** This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Florida without regard to principles of conflict of law.

11. **Construction of Agreement.** Each party has had the opportunity to cooperate in the drafting and preparation of the Agreement. Hence, in any construction to be made of the Agreement, the same shall not be construed against any party on the basis that the party was the drafter.

12. **Signatures.** The Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose. Signatures delivered via electronic transmission shall have the same force, validity and effect as the originals of the signatures.

13. **Attorneys' Fees.** In the event a party hereto has to enforce a material term of this Agreement, the prevailing party shall be entitled to recover all reasonable attorneys' fees and costs.

14. **Waivers.** No waiver of any breach of any term or provision of the Agreement shall be construed to be, nor shall be deemed, a waiver of any other breach of the Agreement. No waiver shall be binding unless it is made in writing and signed by the party waiving the breach.

15. **Revocation Period.** EMPLOYEE ACKNOWLEDGES THAT HE HAS BEEN ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS CONFIDENTIAL NEGOTIATED SEPARATION AGREEMENT, ACKNOWLEDGES THAT HE HAS HAD THE OPPORTUNITY TO CONSULT WITH HIS ATTORNEY PRIOR TO SIGNING THIS AGREEEMENT. EMPLOYEE FURTHER ACKNOWLEDGES THAT HE HAS SEVEN DAYS FOLLOWING THE DATE HE SIGNS THIS AGREEMENT TO REVOKE IT. ANY REVOCATION MUST BE IN WRITING AND ADDRESSED TO ROBYN S. HANKINS, PL, 4600 MILITARY TRAIL, STE. 217, JUPITER, FL 33458, FAX 561-721-3889, EMAIL ROBYN@HANKINS-LAW.COM.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

12/12/2019
Date

_Miranda Ramsey_
MIRANDA RAMSEY

12-9-19
Date

HGW AT SLW, LLC

By _JM Russo_

Its _managing member_